# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, as subrogee of JURYS DOYLE HOTEL GROUP USA, LTD. d/b/a JURYS DOYLE HOTEL, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>DJ PLUMBING & HEATING, INC.,<br><br>*Defendant.* | No. 05-cv-11375-MLW<br><br><br>JURY TRIAL DEMANDED |

### DEFENDANT DJ PLUMBING & HEATING, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 8, Defendant DJ Plumbing & Heating, Inc. ("Defendant" or "DJ Plumbing") hereby answers the allegations in the Complaint ("the Complaint") of Plaintiff Westchester Fire Insurance Company ("Westchester Fire"), as subrogee of Jurys Doyle Hotel Group USA, LTD. d/b/a Jurys Doyle Hotel, LLC ("Jurys"), as follows:

No answer is required to the allegations contained in the paragraph headed "Complaint," which is introductory and merely purports to characterize the action by Westchester Fire by and through its counsel. To the extent that the paragraph headed "Complaint" is deemed to contain allegations of fact to which a response is required, DJ Plumbing denies such allegations.

### PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies the allegations.

2. Admitted.

BOS1513009.1

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, denies the allegations.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore denies the allegations.

## JURISDICTION AND VENUE

5.      No answer is required to the allegations of Paragraph 5, which merely purport to state a legal conclusion. To the extent a response is required, DJ Plumbing denies the allegations.

6.      No answer is required to the allegations of Paragraph 6, which merely purport to state a legal conclusion.  To the extent a response is required, DJ Plumbing denies the allegations.

## STATEMENT OF FACTS

7.      Defendant hereby repeats and incorporates by reference its preceding responses as if they had been fully set forth herein.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies the allegations, except admits that Jurys, as Owner, entered into an agreement on or about June 15, 2002 with Suffolk Construction Co., Inc. ("Suffolk"), as Contractor, relating to work to be done by Suffolk on the premises located at 154 Berkeley Street, Boston, Massachusetts.

9.      Defendant denies the allegations of Paragraph 9, except admits that Suffolk entered into a Subcontract with Defendant on or about January 16, 2003 (the "Subcontract") for the plumbing portion of the work to be performed by Suffolk on the premises located at 154 Berkeley Street, Boston, Massachusetts.

10.    Defendant denies the allegations of Paragraph 10, except admits that, pursuant to the Subcontract, it performed certain plumbing work at various times at the premises located at 154 Berkeley Street, Boston, Massachusetts.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies the allegations, except admits that on or about May 12, 2004, water infiltrated the lower level of the premises located at 154 Berkeley Street, Boston, Massachusetts.

12.    Defendant denies the allegations of Paragraph 12.

13.    Defendant denies the allegations of Paragraph 13.

## COUNT I – GROSS NEGLIGENCE

14.    Defendant hereby repeats and incorporates by reference its preceding responses as if they had been fully set forth herein with respect to the allegations of Paragraph 14.

15.    Defendant denies the allegations of Paragraph 15.

16.    Defendant denies the allegations of Paragraph 16.

17.    Defendant denies the allegations of Paragraph 17, including all allegations in subparagraphs a) through i).

18.    Defendant denies the allegations of Paragraph 18.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant owes no legal duty to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, which it brought in subrogation of the rights of Jurys, are barred in whole or in part because Jurys, with Plaintiff's agreement, expressly waived all claims against Defendant, including but not limited to claims for gross negligence, with respect to the work done by Defendant at the premises which are the subject of this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or Plaintiff's damages reduced, under the doctrine of comparative negligence as set forth in M.G.L.A. c. 231, § 85.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff incurred no damages as a result of any act(s) or omission(s) by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

The incident and/or damages Plaintiff alleges it sustained were not proximately caused by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by, or were the result of, actions or inactions by third parties over whom Defendant had no control or right of control and for which Defendant is not responsible.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is equitably barred as a result of Plaintiff's failure to join all indispensable parties, which would preclude the Court from granting complete relief to those parties that have been named in this action and which would result in prejudice to Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages, if any, despite full knowledge of them.

## ELEVENTH AFFIRMATIVE DEFENSE

If Defendant is found responsible for any portion of Plaintiff's alleged damages, which Defendant denies, Plaintiff's recovery is reduced by the proportionate degree of fault of others, including Plaintiff, for whom Defendant is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

DJ Plumbing reserves the right to plead such additional defenses as may be appropriate depending upon facts later revealed during discovery.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all claims and issues raised in the Complaint so triable, and all defenses asserted thereto.

**WHEREFORE**, Defendant DJ Plumbing respectfully requests this Court to grant the following relief:

1.    Enter judgment for Defendant as to all counts of Plaintiff's Complaint;

2.    Award Defendant the attorneys' fees, costs, and all other expenses incurred in defending and/or otherwise litigating this action; and/or

3.    Grant such other and further relief as this Court deems just and appropriate.


Respectfully submitted,

DJ PLUMBING & HEATING, INC.,

By its attorneys,


John Stadler, BBO No. 548485
J. Alexander Concepción, BBO No. 658908
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Dated:  July 29, 2005


### CERTIFICATE OF SERVICE

I, Juan Alexander Concepción, certify that a true and accurate copy of the foregoing document was served upon Patrick J. Loftus, III, Esq., 9 Park Street, Suite 500, Boston, MA 02108 by Facsimile and U.S. First Class mail on July 29, 2005.


Juan Alexander Concepción


BOS1513009.1