

# NIXON PEABODY LLP
### ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

John S. Stadler
Direct Dial: (617) 345-6098
E-Mail: jstadler@nixonpeabody.com

October 18, 2005

**VIA FACSIMILE and REGULAR MAIL**

Ms. Kathleen Boyce
Docket Clerk for Hon. Mark L. Wolf
Room 5110
United States District Court for the District of
Massachusetts
John Joseph Moakley U. S. Courthouse
1 Courthouse Way
Boston, MA 02210

      RE:    Westchester Fire Insurance Co., et al. v. DJ Plumbing & Heating, Inc.
              C.A. No. 05-11375-MLW

Dear Ms. Boyce:

      In accordance with your instructions last week and in response to the recent notice from Judge Wolf regarding the potential transfer or reference for all purposes, including trial, of the above-entitled action to a magistrate judge, this letter is to advise that my client DJ Plumbing & Heating, Inc. ("DJ Plumbing"), defendant in the above-entitled subrogation action, does not consent to such a transfer or reference. DJ Plumbing prefers that this case remain with Judge Wolf because the claim against it in this action may be resolved in its favor by means of a motion to dismiss or motion for summary judgment on a stipulation of undisputed facts. DJ Plumbing also anticipates that such a motion may include a request that Judge Wolf certify a question of Massachusetts law to the Massachusetts Supreme Judicial Court in accordance with that Court's Rule 1:03.

      Specifically, plaintiff issued an "All Risk" insurance policy to the owner of the Jurys Hotel in Boston, Massachusetts, which policy provided for certain insurance coverage in the event of property damage to the hotel during a major building conversion and renovation project. When the hotel sustained property damage during that project, plaintiff made payment for the damage to the hotel owner and then brought this action to assert a subrogation claim against DJ

BOS1535574.1

ALBANY, NY • BOSTON, MA • BUFFALO, NY • GARDEN CITY, NY • HARTFORD, CT • LOS ANGELES, CA • MANCHESTER, NH • MCLEAN, VA
NEW YORK, NY • ORANGE COUNTY, CA • PHILADELPHIA, PA • PROVIDENCE, RI • ROCHESTER, NY • SAN FRANCISCO, CA • WASHINGTON, DC

NIXON PEABODY LLP

Ms. Kathleen Boyce
October 18, 2005
Page 2

Plumbing for its alleged gross negligence in the construction work it performed on the project. DJ Plumbing contends that plaintiff is precluded from bringing any claims against it, including the claim for gross negligence in this subrogation action, because the hotel owner agreed, as part of the standard construction contracts it entered into with the general contractor and various subcontractors (including DJ Plumbing), that all parties and their insurers waived all potential claims between and among themselves with respect to any property damage during the project and that any such damage would be covered by the "all risk" insurance policy issued by Plaintiff. That insurance policy was purchased by the hotel owner for its own the benefit as well as for the benefit of the general contractor and various subcontractors doing work on the project, all of whom were additional insureds under the policy. The policy also specifically provided that any agreement by the hotel owner to waive Plaintiff's subrogation rights would also be binding on and enforceable against Plaintiff. The purpose of such waiver of subrogation provisions— avoiding litigation over liability issues related to the contractors' work and placing all risks of loss from property damage under the "all risk" insurance policy issued to the building owner—is explained in Haemonetics Corp. v. Brophy & Phillips Co., Inc., 23 Mass. App. Ct. 254, 501 N.E.2d 524 (1986).

In this case Plaintiff presumably will argue that the waiver of subrogation provision in the applicable construction contracts should not preclude it from asserting a subrogation claim against DJ Plumbing for alleged gross negligence. DJ Plumbing's position is that the waiver of subrogation clause is a standard provision in construction contracts, has been held enforceable by the Massachusetts courts, is not limited by its terms to ordinary negligence claims and, therefore, bars Plaintiff as a matter of law from bringing any subrogation claims based on alleged gross negligence (DJ Plumbing denies all allegations of gross negligence and will contest them if Plaintiff is not barred from asserting the claim). The Massachusetts courts have enforced waiver of subrogation clauses in construction contracts like those at issue here and have barred property insurers from bringing claims against subcontractors whose actions allegedly caused property damage during the course of a project. See Haemonetics Corporation, supra; see also Fortin v. Nebel Heating Corp., 12 Mass. Ct. 859, 1006, 1007 (noting that the waiver of subrogation provision in the standard form American Institute of Architects ("AIA") contract as revised in 1976, and at issue here, would bar the insurer's subrogation claims against a subcontractor, while a previous version did not).

It appears that no Massachusetts appellate court has ever held that the waiver of subrogation clause in AIA standard form contracts like the ones involved here are not applicable to subrogation claims by an "all risk" insurer when the property damage is caused by the alleged gross negligence of one of the contracting parties. The question of law presented by Plaintiff's claim in this case is a very significant one for the construction and insurance industries. In particular, the financing and budgeting of construction and renovation projects in the Commonwealth of Massachusetts depends in large measure on whether construction contractors can rely on the contracting parties' agreement that all risks of property damage during the project

NIXON PEABODY LLP

Ms. Kathleen Boyce
October 18, 2005
Page 3

will be borne entirely by the owner's property insurer, thereby insulating the contractors from liability and, just as critically, allowing them to avoid the great burden and costs of defending themselves through discovery and trial against allegations of tortious conduct.

Accordingly, DJ Plumbing believes this case should remain with Judge Wolf so that the appropriate dispositive motion and briefing can be scheduled and an appropriate question of Massachusetts law can be certified to the Massachusetts Supreme Judicial Court. If as a result of such motion practice and certification it is then decided that waiver of subrogation provisions do not bar an "all risk" insurer from bringing a subrogation claim for alleged gross negligence, this matter can then be transferred to a magistrate judge for any necessary discovery and pretrial proceedings relating to the gross negligence allegations. Thank you for your cooperation and assistance in this matter.

Sincerely,

John S. Stadler

cc: Patrick J. Loftus, III, Esq. (by facsimile)
Sean P. O'Donnell, Esq. (by facsimile)

BOS1535574.1