UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTCHESTER FIRE INSURANCE
COMPANY, as subrogee of JURYS DOYLE
HOTEL GROUP USA, LTD. d/b/a
JURYS DOYLE HOTEL, LLC

*Plaintiff*,

v.

No. 05-cv-11375-MLW

DJ PLUMBING & HEATING, INC.,

*Defendant.*

**JOINT STATEMENT REGARDING PRETRIAL SCHEDULE
SUBMITTED PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to Fed. R. Civ. P. 26(f) and District of Massachusetts Local Rule 16.1(D), the parties herein, Westchester Fire Insurance Company, as subrogee of Jurys Doyle Hotel Group, USA, Ltd. d/b/a Jurys Doyle Hotel, LLC and DJ Plumbing & Heating, Inc., jointly submit the following as they do not agree on a discovery plan or a pretrial schedule for this matter:

**A. Plaintiff's Proposed Agenda of Matters to be Discussed at the Scheduling Conference**

On May 12, 2004, the main water supply pipe into Jurys Doyle Hotel located at 154 Berkeley Street in Boston, Massachusetts ruptured causing hundreds of thousands of gallons of water to flow into the hotel. As a result, Jurys Doyle Hotel sustained damage to its property totaling in excess of One Million Three Hundred Seventy Five Thousand Dollars ($1,375,000).

Plaintiff alleges that the damage occurred because DJ Plumbing and Heating, Inc. ("DJ Plumbing") improperly designed and installed the water supply pipe shortly before the loss. DJ Plumbing was the plumbing subcontractor for the renovation of the building which formerly housed the City of Boston Police Department Headquarters. As a result of the flood damage, and

pursuant to the terms of its policy, Westchester Fire Insurance Company paid its insured in excess of $1.375 million to repair and replace its damaged property. Westchester filed this action as subrogee of Jurys Doyle Hotel seeking reimbursement from DJ Plumbing.

Westchester alleges that DJ Plumbing violated statutory duties set forth in the Massachusetts State Building and Plumbing Codes and that the damages alleged were a direct and proximate result of these code violations. In addition, Westchester alleges that defendant DJ Plumbing's conduct rose to the level of gross negligence.

DJ Plumbing has taken the position that the contract between Jurys Doyle Hotel and the general contractor for the building renovation project, Suffolk Construction Company, contains a waiver of subrogation clause which exculpates DJ Plumbing from liability for its conduct. Plaintiff maintains that to the extent the waiver of subrogation clause in the contract between Jurys Doyle Hotel and Suffolk Construction even extends to DJ Plumbing, Massachusetts public policy prohibits a party from shielding itself from liability for violation of a statutory duty. See Henry v. Mansfield Beauty Academy Inc., 353 Mass. 507.

Defendant DJ Plumbing proposed that the parties present this legal issue to the Court as a motion to dismiss or a motion for summary judgment. Plaintiff agreed to present this issue to the Court if DJ Plumbing would stipulate that the property damage occurred because DJ Plumbing violated applicable plumbing and building codes and performed it work and services in a grossly negligent manner. Defendant DJ Plumbing will not stipulate to these facts. Therefore, plaintiff will need discovery to establish these facts before responding to DJ Plumbing's proposed motion.

DJ Plumbing does not agree that plaintiff needs discovery to respond to its proposed motion but it will not stipulate to the facts that plaintiff has proposed. Accordingly, plaintiff

does not believe that the legal issues raised can be addressed by the Court until fact discovery is completed. Plaintiff objects to Defendant DJ Plumbing's proposed motion to certify any question to the Massachusetts Supreme Judicial Court because the Court already addressed the issues raised in this case in <u>Henry v. Mansfield Beauty Academy</u>, 353 Mass. 507 (public policy prohibits a party from shielding itself from responsibility for violation of a statutory duty).

**B.** **<u>Defendant's Proposed Agenda of Matters to be Discussed at the Scheduling Conference</u>**

In this subrogation action Westchester asserts only one cause of action against DJ Plumbing, alleging (1) that DJ Plumbing was grossly negligent in installing a plumbing system in connection with a major renovation project at the Jurys Doyle Hotel in Boston, Massachusetts, (2) that such gross negligence caused a water intrusion in the basement during construction of the hotel in May 2004, (3) that the water intrusion caused various property damage to the hotel, (4) that Westchester, as the "builders' risk" insurer for the hotel for this project, made payments to the hotel's owner for repair of that property damage, and (5) that Westchester is entitled to recoup in subrogation from DJ Plumbing the payments that it made to the hotel owner.

DJ Plumbing has answered the complaint denying that it was grossly negligent and asserting several affirmative defenses, including the defense that Westchester is barred as a matter of law from bringing this subrogation claim based on the provisions of standard general construction contract entered into between Jurys Doyle Hotel and the general contractor on the project (Suffolk Construction Company). Specifically, DJ Plumbing contends that the applicable construction contract provides that Jurys Hotel and its insurers waive any and all subrogation claims against the general contractor and all subcontractors (of whom DJ Plumbing was one on the project) for any damage to the hotel during the project to the extent such damage is covered

by the hotel's "builders' risk" insurance policy (in this case, Westchester's "builders' risk" policy).

DJ Plumbing proposes discussing at the scheduling conference the pre-trial schedules set forth below. This schedules is predicated on the Court permitting DJ Plumbing, before any factual and expert discovery commences regarding DJ Plumbing's work at the hotel and the alleged cause and extent of property damage at the hotel, to file a Rule 12(b)(6) motion to dismiss Westchester's subrogation claim as a matter or law or, alternatively, for summary judgment in DJ Plumbing's favor based on the applicable contracts and insurance policy. DJ Plumbing anticipates that such a motion will be based on an agreed stipulation of facts concerning the construction contracts and the Westchester "builders' risk" insurance policy. In connection with such preliminary motion, DJ Plumbing also anticipates that it may ask the Court to certify a question to the Massachusetts Supreme Judicial Court, pursuant to S.J.C. Rule 1:03, regarding whether under Massachusetts law a waiver of subrogation provision in a standard construction contract bars the contracting parties and their "builders' risk" insurer from asserting a subrogation claim for gross negligence against any subcontractors. The resolution of this issue, which has not been addressed by the Massachusetts Supreme Judicial Court in the context of construction contracts and "builders' risk" insurance, would be determinative of this action.

**C. <u>Plaintiff's Proposed Discovery Plan/Pre-Trial Schedule</u>**

Plaintiff Westchester submits the following proposed discovery schedule:

| | |
|---|---|
| Rule 26(a) automatic disclosures | March 27, 2006 |
| Fact discovery deadline | August 31, 2006 |
| Plaintiff's expert report(s) pursuant to Rule 26(a)(2)(b) | September 15, 2006 |
| Defendant's expert report(s) pursuant to Rule 26(a)(2)(b) | October 15, 2006 |
| Expert deposition deadline | November 15, 2006 |

| | |
|---|---|
| Dispositive motion deadline | November 30, 2006 |
| Pretrial Conference | January, 2007 |

**D. <u>Defendant DJ Plumbing's Proposed Pre-Trial Schedule</u>**

Deffendant DJ Plumbing proposes the following schedule for pretrial proceedings:

1. *Initial disclosures:* the parties will exchange initial disclosures on March 27, 2006.

2. *Motion to Dismiss/Summary Judgment*: DJ Plumbing will file <u>by May 16, 2006</u>, its Rule 12(b)(6) motion to dismiss and supporting papers, or in the alternative for summary judgment, on the issue of whether the waiver of subrogation provision of the applicable construction contracts bars Westchester's subrogation claim for gross negligence. Westchester will file its opposition papers <u>by June 16, 2006</u>. DJ Plumbing will file any reply papers <u>by June 30, 2006</u>. Under this proposal, the parties and the Court would defer setting any schedule for fact and expert discovery, possible alternative dispute resolution, and the filing of dispositive motions and pre-trial motions based on other grounds, until the Court rules on DJ Plumbing's motion regarding the waiver of subrogation issue.

3. *Motion for certification of question to SJC::* The parties may submit by <u>July 15, 2006</u>, any motion to the Court requesting certification to the Supreme Judicial Court, pursuant to S.J.C. Rule 1:03, of the question of whether under Massachusetts law the waiver of subrogation provision of the applicable construction contracts bars Westchester's subrogation claim for gross negligence. The motion shall include an agreed upon statement of all facts relevant to the question certified and shall show fully the nature of the controversy in which the question arose. <u>See</u> S.J.C. Rule 1:03 § 3(2). The motion also shall include a listing of all authorities upon which the parties rely. If the Court determines that this question should be

certified, the parties shall equally bear the costs of the certification and shall comply with the briefing schedule set forth by the Supreme Judicial Court.  See S.J.C. Rule 1:03 §§ (5) and (6). [Plaintiff objects to certification and sharing the costs of defendant motion for certification.]

        4.    *Factual discovery:* If the motion to dismiss/motion for summary judgment is not resolved in DJ Plumbing's favor, the parties shall complete fact discovery within six months of the Court's determination of such motion.

        5.    *Expert discovery:* Westchester's expert reports shall be served one month after the close of fact discovery, and DJ Plumbing's expert reports shall be served one month after service of Westchester's expert reports.  Expert depositions shall be completed two months after service of DJ Plumbing's expert reports.

        6.    *Dispositive motions:* Should they become necessary, dispositive motions on grounds other than the enforceability of the waiver of subrogation provision referenced in paragraph 2 above shall be filed one month after the close of expert discovery.  All oppositions to such motions shall be filed 21 days after service of dispositive motions.  [Plaintiff requests thirty (30) days to file its brief in opposition to any such dispositive motion.]  Reply briefs in response to such oppositions must be filed pursuant to the local rules and shall be filed no more than 14 days after service of the opposition.

        7.    *Pretrial conference and trial dates:* Pretrial conference and trial dates will be scheduled at the convenience of the Court, to occur within 60 days following the resolution of any dispositive motions.  Motions *in limine* shall be filed 28 days prior to the pretrial conference. Any oppositions to such motions shall be filed 14 days prior to the pretrial conference, and any reply briefs in response to such oppositions must be filed pursuant to the local rules 7 days prior to the pretrial conference.

**<u>Local Rule 16.1(D)(3) Certification</u>**

Each party will file separately a certification in accordance with Local Rule 16.1(D)(3).

**Consent to trial before magistrate judge**

The parties do not consent to trial before a magistrate and do not consent to having any dispositive motions decided by a magistrate judge but, if the Court orders the parties to proceed with discovery, the parties consent to a magistrate judge for any necessary discovery and pretrial proceedings.

Respectfully submitted,

| | |
|---|---|
| Westchester Insurance Company,<br>by its attorneys, | DJ Plumbing & Heating, Inc.<br>by its attorneys, |
|     s/ Patrick J. Loftus<br>PATRICK J. LOFTUS III, ESQUIRE<br>BBO #303310<br>No. 9 Park Street<br>Suite 500<br>Boston, MA 02108<br>617-723-7700<br>    and<br>KEVIN J. HUGHES, ESQUIRE<br>khughes@cozen.com<br>SEAN P. O'DONNELL, ESQUIRE<br>sodonnell@cozen.com<br>COZEN O'CONNOR<br>1900 Market Street<br>Philadelphia, PA 19103<br>(215) 665-2000<br>(215) 665-2013 (facsimile) | JOHN S. STADLER, ESQUIRE<br>BBO #548485<br>jstadler@nixonpeabody.com<br>Kurt M. Mullen<br>BBO #651954<br>NIXON PEABODY<br>100 Summer Street<br>Boston, MA 02110-2131<br>(617) 345-1000 |

Dated: March 20, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 20, 2006.

                                                        s/   Sean P. O'Donnell
                                        SEAN P. O'DONNELL, ESQUIRE