IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTCHESTER FIRE INSURANCE COMPANY :
as subrogee of JURYS DOYLE HOTEL GROUP :
USA, LTD. d/b/a JURYS DOYLE HOTEL, LLC : CIVIL ACTION NO. 05-11375-MLW
                                              Plaintiff :
   v. :
DJ PLUMBING & HEATING, INC. :
                                              Defendant :

## **FIRST AMENDED COMPLAINT**

Plaintiff, Westchester Fire Insurance Company, as subrogee of Jurys Doyle Hotel Group USA, LTD. d/b/a Jurys Doyle Hotel, LLC, by and through its undersigned counsel, complaining of Defendant, hereby avers, upon information and belief, as follows:

## **PARTIES**

1. Plaintiff, Westchester Fire Insurance Company a/s/o Jurys Doyle Hotel Group USA, LTD. d/b/a Jurys Doyle Hotel, LLC (hereinafter "Westchester"), is a corporation duly organized and existing under the laws of the State of New York with a principal place of business located at 1133 Avenue of the Americas, 32nd Floor, New York, New York 10036, which at all relevant times was engaged in the insurance business and was licensed to issue insurance policies in the Commonwealth of Massachusetts.

2. Defendant, DJ Plumbing & Heating, Inc. (hereinafter "D J Plumbing"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 250 North Street, Unit B-1, Danvers, Massachusetts 01923.

3. At all relevant times, Jurys Doyle Hotel Group USA, LTD. d/b/a Jurys Doyle Hotel, LLC (hereinafter "Jurys Doyle") owned the building located at 154 Berkley Street, Boston, Massachusetts 02116 ("premises").

4. At all relevant times, Westchester insured Jurys Doyle's business property and business operations.

## GENERAL ALLEGATIONS

5. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district based on 28 U.S.C. § 1391(a) in that the event giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

8. Jurys Doyle contracted with Suffolk Construction Company as the general contractor for the project to renovate and convert the premises at 154 Berkley Street, Boston, Massachusetts into a boutique hotel.

9. Suffolk Construction Company subcontracted with DJ Plumbing to perform the plumbing work in connection with the renovation and conversion project.

10. Upon information and belief, DJ Plumbing knowingly and materially misrepresented that it would use properly licensed, skilled and supervised workmen to perform the plumbing work and services.

11. Upon information and belief, DJ Plumbing knowingly and materially misrepresented that it would perform its work in a good and workmanlike manner in accordance

with all applicable national, state, and local building and plumbing codes, and plumbing industry standard customs and practices.

12.     Upon information and belief, DJ Plumbing knowingly and materially misrepresented that it would supply a sufficient number of properly skilled, licensed and qualified workmen for the job and that it would use materials of the proper quality.

13.     Upon information and belief, DJ Plumbing knowingly failed to provide a sufficient number of properly licensed, skilled, qualified and supervised workmen to perform the work and services.

14.     Upon information and belief, DJ Plumbing knowingly failed to perform its work and services in a good and workmanlike manner, and knowingly used inferior and unacceptable materials and substandard plumbing techniques and methods.

15.     Upon information and belief, Defendant DJ Plumbing knowingly failed to perform its work and services in accordance with applicable law, ordinances, rules, regulations, building codes, and plumbing codes and demonstrated a flagrant disregard for the most fundamental plumbing industry customs and practices.

16.     Prior to May 12, 2004, DJ Plumbing installed a water supply pipe connecting the public water main to the domestic plumbing system inside the premises.

17.     On May 12, 2004, the water supply pipe located in the basement of the premises separated, flooding the lower levels of the premises.

18.     Upon information and belief, DJ Plumbing violated applicable building and plumbing codes and demonstrated a flagrant disregard for the most fundamental plumbing industry customs and practices.

19.     As a direct and proximate result of defendant's willful, wanton and reckless conduct, and gross negligence, carelessness and recklessness,  the aforementioned water supply

pipe separated, causing flooding that severely damaged and destroyed Jurys Doyle's property and business.

20.   As a result of the aforementioned water supply pipe separation and subsequent flooding, Westchester paid its insured, Jurys Doyle, in excess of $1,500,000.00 to repair and replace its damaged property, and is subrogated to the rights of its insured to the extent of its payment.

## COUNT I

21.   Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

22.   As the plumbing subcontractor that installed the water supply pipe in the premises, defendant DJ Plumbing owed Jurys Doyle a duty to design, install, inspect and test the water supply pipe in a good, safe and workmanlike manner, and to make sure that the installation was free from hazardous defects that could cause failure and flooding.

23.   Defendant DJ Plumbing's work violated applicable building and plumbing codes and demonstrated a flagrant disregard for the most fundamental and basic plumbing industry customs and practices.

24.   The water supply pipe failure and the resulting damages to Jurys Doyle's property were caused by the willful and wanton misconduct, gross negligence, carelessness, recklessness and grossly negligent omissions of defendant, its agents, servants and/or employees acting within the course and scope of their employment in:

  a)   knowingly violating applicable building and plumbing codes;

  b)   failing to exercise reasonable care in the design and installation of the subject water supply pipe;

  c)   knowingly failing to employ agents, servants and/or employees with proper licenses, knowledge, training and experience to design

4

      and install the subject water supply pipe, as required by applicable laws, regulations and codes;

  d) failing to properly train, oversee and supervise its employees, agents and subcontractors;

  e) knowingly and improperly designing and installing the water supply pipe in a manner that created a clear risk of failure and flooding;

  f) knowingly failing to properly install thruster rods to support and secure the subject water supply pipe;

  g) knowingly failing to perform its work and services in a good and workmanlike manner and in accordance with all applicable Massachusetts building and plumbing codes and standards, and industry custom and practice;

  h) failing to properly inspect the water supply pipe at the subject premises to insure that it was designed and installed properly in accordance with all applicable Massachusetts plumbing and building codes;

  i) otherwise failing to use due care under the circumstances.

25. As a direct and proximate result of defendant's willful and wanton misconduct, and gross negligence, carelessness, and recklessness, Jurys Doyle sustained severe and extensive damages.

WHEREFORE, Plaintiff demands judgment against defendant, in an amount of excess of $75,000, together with interest and the cost of this action.

                                              BY: /s/ Patrick J. Loftus, III
                                                  PATRICK J. LOFTUS, III
                                                  9 Park Street
                                                  Boston, MA  02127
                                                  617-723-7770
                                                  BBO# 303310

OF COUNSEL:
Kevin J. Hughes, Esquire
Sean P. O'Donnell, Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2089
Facsimile:  (215) 665-2013

                                            ATTORNEYS FOR PLAINTIFF,
                                            WESTCHESTER FIRE INS. CO. A/S/O
                                            JURYS DOYLE HOTEL GROUP USA, LTD.
                                            D/B/A JURYS DOYLE HOTEL, LLC

**CERTIFICATION OF ELECTRONIC FILING**

The undersigned certifies that a copy of Plaintiff's First Amended Complaint was electronically filed on April 28, 2006, and a copy was electronically served on counsel for all parties registered with the ECF for this case.

BY: /s/ Patrick J. Loftus, III
PATRICK J. LOFTUS, III